UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:02-CR-87 |
| | ) | Judge Edgar |
| ADAM J. TATUM | ) | |

## **MEMORANDUM AND ORDER**

In March 2004, this Court entered the judgment of conviction against Adam J. Tatum ("Tatum"). [Doc. No. 23]. Tatum did not take a direct appeal from the judgment, and he has never made a motion for post-conviction relief under 28 U.S.C. § 2255.

Federal prisoner Tatum recently made a *pro se* motion pursuant to 18 U.S.C. § 3582(c)(2) to modify and reduce his sentence of imprisonment based on his request for a retroactive application of Amendment 709 to the United States Sentencing Guidelines which was adopted by the United States Sentencing Commission effective November 1, 2007. [Doc. No. 25]. Tatum contends that Amendment 709 may be applied retroactively to reduce his sentence on the theory that it is a "clarifying amendment" with regard to U.S.S.G. § 4A1.2(a).

On May 7, 2008, this Court rendered a memorandum opinion and order [Doc. No. 26] denying Tatum's § 3582(c)(2) motion. This Court rejected Tatum's argument that his sentence of imprisonment can be modified and reduced by a retroactive application of Amendment 709 as a clarifying amendment. The Court correctly analyzed Tatum's argument and explained why it lacks merit.

Tatum now wants another bite of the same apple. On October 27, 2008, Tatum filed a *pro*

1

*se* motion to "renew" his request for modification of his sentence of imprisonment. [Doc. No. 28]. The Court treats this as a motion for reconsideration. Tatum raises and seeks to rehash his same argument that Amendment 709 should be retroactively applied to reduce his sentence on the rejected theory that it is a clarifying amendment.

This argument fails and the motion for reconsideration will be denied. The Court reiterates its analysis previously set forth in the May 7, 2008 memorandum opinion and order. [Doc. No. 26]. Even if we assume for the sake of discussion that Amendment 709 is a clarifying amendment as argued by Tatum, it simply does not afford a valid basis to grant him any relief to reduce the term of his sentence of imprisonment. Based on the facts, circumstances, and current procedural posture of Tatum's case, Amendment 709 cannot be retroactively applied as a clarifying amendment.

An amendment to the Sentencing Guidelines is "clarifying" if it changes nothing concerning the substantive legal effect of the sentencing guidelines, but merely clarifies what the Sentencing Commission deems the guidelines to have already meant. *United States v. Geerken*, 506 F.3d 461, 465 (6th Cir. 2007). A clarifying amendment to the Sentencing Guidelines can be applied retroactively in four possible situations: (1) the criminal case is before the District Court for original sentencing; (2) the case is pending on direct appeal from the judgment of conviction and sentence; (3) the clarifying amendment is made retroactive by the Sentencing Commission by being listed in U.S.S.G. § 1B1.10(c); or (4) a federal prisoner brings a motion for post-conviction relief under 28 U.S.C. § 2255. U.S.S.G. § 1B1.11(b)(2); *Geerken*, 506 F.3d at 464-66; *United States v. DeCarlo*, 434 F.3d 447, 458-59 (6th Cir. 2006); *United States v. Borazanian*, 148 Fed. Appx. 352, 354 (6th Cir. 2005); *Rivera v. Warden, FCI, Elkton*, 27 Fed. Appx. 511, 514-15 (6th Cir. 2001); *Jones v. United States*, 161 F.3d 397 (6th Cir. 1998), *opinion amended and superseded in part by* 178 F.3d 790 (6th

Cir. 1999); *United States v. Williams*, 940 F.2d 176, 182 (6th Cir. 1991); *United States v. McKibben*, 2003 WL 21960505, * 2 (E.D. Tenn. Aug. 11, 2003).

None of these four situations exist here in Tatum's case. Tatum has not met his burden of showing that his case falls into any of these four situations. In March 2004, this Court entered the judgment of conviction against Tatum and the judgment is final. Tatum's case is not presently before this District Court at the stage of original sentencing. Moreover, this case is not currently pending on direct appeal from the judgment of conviction and sentence. Tatum did not take a direct appeal from the judgment. Tatum also never made a motion for post-conviction relief under 28 U.S.C. § 2255.

Tatum cannot obtain a modification and reduction of his sentence of imprisonment under 18 U.S.C. § 3582(c)(2) because Amendment 709 is not listed by the Sentencing Commission in U.S.S.G. § 1B1.10(c) as being retroactive. When a clarifying amendment to the Sentencing Guidelines results in a lower guideline range, a federal prisoner can make a motion under 18 U.S.C. § 3582(c)(2) for modification of sentence but only if the particular clarifying amendment is explicitly made retroactive by the Sentencing Commission by being listed in U.S.S.G. § 1B1.10(c). *Clemons v. United States*, 102 Fed. Appx. 933, 935 (6th Cir. 2004); *Rivera*, 27 Fed. Appx. at 514-15; *McKibben*, 2003 WL 21960505, at * 2.

In sum, this Court has no authority to retroactively apply Amendment 709 to modify and reduce Tatum's sentence of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) or for any other reason. Tatum's argument that Amendment 709 can be applied retroactively to reduce his sentence of imprisonment on the theory that it is a clarifying amendment fails.

Accordingly, Tatum's motion for reconsideration [Doc. No. 28] is **DENIED** as frivolous.

SO ORDERED.

ENTER this the 10th day of November, 2008.

                     */s/ R. Allan Edgar*
                     R. ALLAN EDGAR
               UNITED STATES DISTRICT JUDGE